UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

Nº 05-CV-223 (JFB) (LB)

———————

DARRELL RAMOS,

Plaintiff,

VERSUS

NEW YORK CITY DEPARTMENT OF CORRECTION,

Defendant.

———————

MEMORANDUM AND ORDER
August 14, 2006

———————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Darrell Ramos is an employee of defendant New York City Department of Correction ("DOC"). In this employment discrimination case, Ramos contends that DOC discriminated against him because of his race. Pursuant to leave of this Court in a prior Memorandum and Order, dated April 26, 2006, Ramos filed an amended complaint. *See Ramos v. DOC*, 2006 WL 1120631, at *7-*8 (E.D.N.Y. April 26, 2006). DOC moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint for failing to state a claim upon which relief may be granted.

For the reasons that follow, defendant's motion is granted and the complaint is dismissed with prejudice.

I. BACKGROUND

A. The Facts[1]

The facts were described in detail in this Court's prior Memorandum and Order ("*Ramos I*"). *See Ramos I*, 2006 WL 1120631, at *1. The Court will summarize and restate only the relevant facts for this

---

[1] The facts are drawn primarily from plaintiff's amended complaint and supporting materials, as well as excerpts from plaintiff's deposition testimony in a related case. They are construed in a light most favorable to plaintiff, the non-moving party. As plaintiff is proceeding *pro se*, the Court will "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

motion, as well as additional facts learned from the moving papers.

On May 31, 2002, Ramos was fired from his position as a correction officer at Rikers Island because his employer learned that he had two prior arrests. (Am. Compl. ¶¶ 1, 5.) Plaintiff successfully grieved his dismissal from DOC to his union, and was reinstated by DOC on September 3, 2002. (*Id.* ¶ 6.) After his reinstatement, he repeatedly asked for, but never received, back pay. (*Id.*) The remaining issue in this case is whether DOC discriminated against him based on his race by not giving him back pay for the period he was out of work, from May 31, 2002 through September 3, 2002.

Ramos testified in a deposition in a separate action, *Monclova v. City of New York*, No. 05-CV-3164 (DGT)(LB), and he was asked about DOC's refusal to give him back-pay:

> Q: When you returned to work September 3, 2002, were you informed whether or not you were receiving back-pay?
>
> A: No.
>
> . . . .
>
> Q: Did you complain to your union at that time for not receiving back-pay?
>
> A: I called the first vice president.
>
> Q: What, if anything, were you told by the first vice president?
>
> A: He told me he would look into the back-pay situation.
>
> Q: Did he indicate the possibility of filing an Article 78 at that time?
>
> A: No.
>
> . . . .
>
> Q: Did the first vice president ever get back to you with the back-pay issue?
>
> A: Yes.
>
> Q: When was that?
>
> A: I called him like two weeks after that, and he stated to me that I wasn't getting any back-pay, to be grateful I had a job.
>
> Q: That would have been sometime in October 2002?
>
> A: Yes.

(Ramos Dep. at 43-44.)

On or about November 12, 2004,[2] Ramos filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), charging DOC with discrimination based, *inter alia*, on the failure of DOC to give him back-pay. On December 16, 2004, the EEOC dismissed Ramos's complaint because it was not timely filed. (*See* Dismissal and Notice of Rights, attached to Compl.)

B. The Instant Action

---

[2] According to the EEOC complaint, Ramos signed the complaint on November 12, 2004, and the EEOC received the complaint on November 18, 2004. *See Ramos I*, 2006 WL 1120631, at *1 n. 2.

2

Plaintiff filed the first complaint in this case on January 14, 2005, alleging DOC violated his rights and discriminated against him in violation of Title VII and 42 U.S.C. § 1983. Plaintiff's first complaint alleged three separate acts of racial discrimination in violation of Title VII: (1) that DOC discriminated against him by not permitting him to be firearm qualified; (2) that DOC discriminated against him by firing him; and (3) that DOC discriminated against him by not giving him back-pay after they reinstated him. Plaintiff also alleged that DOC violated § 1983 by violating its own general orders and refusing to permit him to be firearm qualified. (*See* Compl. ¶ 2.)

In a Memorandum and Order dated April 26, 2006, this Court dismissed plaintiff's complaint in its entirety, but gave plaintiff leave to file an amended complaint as to his claim that DOC discriminated against him because of his race by denying him back-pay. *See Ramos I*, 2006 WL 1120631, at \*9. Specifically, the Title VII claims based on unlawful termination and the refusal by DOC to allow plaintiff to be firearm qualified were dismissed with prejudice as time-barred. *Id.* Plaintiff's claim alleging a violation of § 1983 was dismissed with prejudice for failing to state a claim upon which relief may be granted. *Id.*

On May 25, 2006, plaintiff filed an amended complaint. The amended complaint alleges DOC discriminated against plaintiff by "arbitrarily" making his "break in service" a leave of absence. (Am. Compl. ¶ 2.) When DOC reinstated plaintiff, they did not give him back-pay, based, according to the amended complaint, on plaintiff's race. (*Id.*)

By letter, defendant sought a pre-motion conference in anticipation of filing a motion to dismiss the amended complaint. By Order dated June 2, 2006, this Court gave notice to both parties that it was converting the motion to one for summary judgment, and set a briefing schedule. On June 16, 2006, defendant moved to dismiss the amended complaint. Plaintiff did not submit any formal opposition to defendant's motion. Plaintiff did, however, submit a letter, which has been considered, and is discussed herein.

## II. DISCUSSION

As a threshold matter, the Court addresses its decision to convert defendant's motion to dismiss the amended complaint into one for summary judgment. The Court converted *Ramos I* into a motion for summary judgment as well. *See Ramos I*, 2006 WL 1120631, at \*2. A district court may convert a motion to dismiss into one for summary judgment provided that the court gives "sufficient notice to an opposing party and an opportunity for that party to respond." *Gordon v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995); *see also Beacon Enterprises Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983) ("[N]otice is particularly important when a party is proceeding *pro se* and may be unaware of the consequences of his failure to offer evidence bearing on triable issues.").

The threshold issue in *Ramos I* with regard to Ramos' claim for back-pay was whether the claim was time-barred. The documents submitted by plaintiff in *Ramos I* demonstrated that Ramos received a letter, dated, August 23, 2004, informing him that DOC was not going to give him back-pay. Based on the submitted evidence at that time, this was the earliest date Ramos was "on notice" of DOC's alleged discriminatory act. As this was well-within the limitations period, this Court refused to find Ramos' claim for

3

back-pay time-barred. *See Ramos I*, 2006 WL 1120631, at *5-*6.

As part of this motion, however, DOC attaches pages of Ramos' deposition in a related case, whereby Ramos testified that he learned in October 2002, that DOC was not going to give him back-pay. (*See* Bardavid Decl. Ex. D.) DOC argues, based on this deposition, that Ramos' claim for back-pay is time-barred. In addition, plaintiff failed to attach his EEOC complaint to either of his complaints. As discussed in *Ramos I*, the EEOC complaint filed by plaintiff is proper to consider on a motion to dismiss without converting it to one for summary judgment. *See Ramos I*, 2006 WL 1120631, at *2 n.3 (citing cases).

To the extent, however, that DOC attached a portion of plaintiff's deposition in a related case, the Court gave notice pursuant to Fed. R. Civ. P. 56 that it was converting defendant's motion into one for summary judgment. Defendant properly noticed *pro se* plaintiff under Local Rule 56.2 for how to oppose a motion for summary judgment.

### A. SUMMARY JUDGMENT STANDARD

The standards for summary judgment are well-settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Globecon Group, LLC v. Hartford Fire Ins. Co.,* 434 F.3d 165, 170 (2d Cir. 2006). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

### B. TIMELINESS OF RAMOS' EEOC COMPLAINT

Title VII provides that a discrimination claim is time-barred if an administrative complaint is not filed within the prescribed time period. *See* 42 U.S.C. § 2000e-5(e)(1); *Forsyth v. Fed'n Employment and Guidance Serv.*, 409 F.3d 565, 572 (2d Cir. 2005); *Elmenayer v. ABF Freight System, Inc.*, 318 F.3d 130, 133 (2d Cir. 2003). Because New York has its own division of human rights, it is a so-called deferral state for purposes of Title VII. *Mohasco Corp. v. Silver*, 447 U.S. 807, 813-14 (1980); *Harris v. City of New York*, 186 F.3d 243, 247 n.2 (2d Cir. 1999). Hence, in New York, a plaintiff must file an administrative charge within 300 days of knowing or having reason to know of the alleged discriminatory act. *Harris*, 186 F.3d at 247 (holding that the statute of limitations runs "when [plaintiff] knew or had reason to know of the injury serving as the basis for his claim") (collecting cases). The charge may be filed with either the EEOC or the New York Division of Human Rights. *See Butts v. The City of New York Dep't of Housing Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), *superceded by statute on other*

*grounds as stated in Hawkins v. 1115 Legal Services Care*, 163 F.3d 684, 693 (2d Cir. 1998). "This requirement functions as a statute of limitations . . . in that discriminatory incidents not timely charged before the EEOC will be time-barred upon the plaintiff's suit in district court." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998) (internal citations omitted).

Here, plaintiff testified that he was informed in October of 2002 that he was not going to receive back-pay. Plaintiff did not file a complaint with the EEOC until December 11, 2004, over two years after he was on notice about DOC's alleged discriminatory act, and well-beyond the 300-day limitation period. *See Quinn*, 159 F.3d at 765. The limitations period begins to run when a plaintiff receives notice of the alleged discriminatory act. *See Harris*, 186 F.3d at 247; *Shockley v. Vermont State Colleges*, 793 F.2d 478, 481 (2d Cir. 1986). Therefore, plaintiff's Title VII claim alleging discrimination because he was not given back-pay is dismissed as time-barred.

Plaintiff submitted a one-page, undated letter in which he disputes defendant's position that he received notice in October of 2002. In that letter, plaintiff agrees that the transcript indicates 2002, but argues that the conversation actually took place in 2004. (*See* Ramos' letter, docket sheet entry # 31.) Plaintiff does not indicate whether his position is that he mistakenly stated "2002" at his deposition, or whether the stenographer mistakenly transcribed 2002. In either case, "[t]here is ample authority for the proposition that untimely deposition changes are to be disregarded, particularly where they have the effect of creating a disputed issue of fact." *Sundaram v. Brookhaven Nat. Laboratories,* 424 F. Supp. 2d 545, 587 (E.D.N.Y. 2006); *see also Margo v. Weiss*, 213 F.3d 55, 60-61, 61 n.3 (2d Cir. 2000); *Hayes v. Dep't of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996); *Qatar Nat'l Navig. & Transp. Co. v. Citibank, N.A.*, No. 89 Civ. 464 (CSH), 1996 WL 601540, at *1 (S.D.N.Y. Oct. 18, 1996); *Colvin v. Cigan Property and Cas. Co.*, No. 90 Civ. 3788 (LJF), 1992 WL 122789, at *2-*3 (S.D.N.Y. May 22, 1992). Defendant's counsel submits in his moving papers, and plaintiff has not contested, that on March 27, 2006, he provided plaintiff with a copy of the transcript of his deposition, along with an errata sheet for any corrections. As articulated in Fed. R. Civ. P. 30, plaintiff had thirty days to make any corrections. According to defendant's counsel, and not contested by plaintiff, plaintiff did not make any corrections. *See Margo*, 213 F.3d at 61 (holding that a party cannot "conjure up a triable issue of fact through the proffer of . . . delayed errata sheets" to defeat summary judgment). Hence, plaintiff's letter submission, which suggests that an issue of fact exists as to when he learned that he would not receive back-pay from defendant based upon an allegation that the deposition transcript is inaccurate, is rejected.

For the same reasons plaintiff's various Title VII claims were dismissed in *Ramos I*, his claim for back-pay is similarly dismissed as time-barred. By waiting more than 300 days to file an EEOC complaint based on his failure to receive back-pay, plaintiff has forfeited his right to bring suit under Title VII, and the claim is dismissed.[3]

---

[3] The amended complaint purports to re-allege a claim under 42 U.S.C. § 1983. (*See* Am. Compl. ¶ 2.) This Court dismissed with prejudice plaintiff's § 1983 claim in *Ramos I*. *See Ramos I*, 2006 WL 1120631, at *7-*9. Hence, to the extent the amended complaint attempts to re-allege a claim under § 1983, that claim is dismissed.

## B. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Even if plaintiff's Title VII claim alleging he was unlawfully denied back-pay was not time-barred, the amended complaint would still be dismissed. In *Ramos I*, this Court dismissed plaintiff's discrimination claim, holding that:

> [T]he complaint as written does not describe any factual allegations to support the vague and conclusory assertion that the treatment he received by DOC was a result of his race. The complete absence of *any* such facts supporting Ramos's discrimination claim fails to satisfy even this most liberal standard.

*Ramos I*, 2006 WL 1120631, at *7 (citing, *Yusuf v. Vassar College*, 35 F.3d 709, 713-14 (2d Cir. 1994); *Timmons v. City of Hartford*, 283 F. Supp. 2d 712, 717-18 (D. Conn. 2003); *Richards v. Frank*, No. CV-89-3087, 1991 WL 35502, at *1-2 (E.D.N.Y. March 6, 1991)). This Court noted, in particular, that plaintiff had failed to "give DOC fair notice of the factual allegations by plaintiff of DOC's alleged discriminatory actions in denying him back-pay." *Ramos I*, 2006 WL 1120631, at *7. More specifically, although plaintiff claimed that he was denied back-pay "because of the plaintiff's ethnic background (African-American)," he failed to expand in any way on this conclusory statement. *See Yusuf*, 35 F.3d at 713-14; (*See* Am. Compl. ¶ 2.) Instead, the complaint simply alleged facts showing that he was fired for being arrested twice, and then later reinstated after plaintiff's union successfully grieved his dismissal. This Court gave plaintiff leave to amend his complaint "to allege facts that give fair notice to DOC of his claim of racial discrimination arising out of his denial of back-pay." *Ramos I*, 2006 WL 1120631, at *7.

The amended complaint fails to allege any additional facts or cure the defects in the original complaint. Indeed, it appears to be nearly identical to the original complaint. Plaintiff fails to allege in his amended complaint a claim upon which relief may be granted. Thus, the amended complaint is dismissed for failing to state a claim upon which relief may be granted.[4]

---

[4] Because plaintiff's remaining Title VII claim is time-barred, and because the Court previously dismissed with prejudice plaintiff's § 1983 claim, the Court need not consider whether plaintiff should be allowed to amend his complaint again.

## V. CONCLUSION

For the foregoing reasons, defendant's motion is granted and the amended complaint is dismissed, with prejudice, in its entirety.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 14, 2006
Central Islip, NY

\* \* \*

Plaintiff appeared in these proceedings *pro se*. Defendant is represented by Jonathan Bardavid, Esq., Michael A. Cardozo, Corporation Counsel of the City of New York, 100 Church Street, Room 2-103, New York, New York 10007.